**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RICARDO GUNN, a/k/a Al Jabbar
Kaaziim X, a/k/a Ricardo David
Gunn, a/k/a David Gunn, a/k/a
Ricky D. Gunn, a/k/a Michael
Manhertz, a/k/a John Doe, a/k/a Lee
Davis, a/k/a Twelve, a/k/a Twelve
Hundred, a/k/a Christian Ewart,
a/k/a Richard Lee Davis,
          *Defendant-Appellant.*

No. 03-7026

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-94-52, CA-03-320-BR-5)

Submitted: October 27, 2003

Decided: November 24, 2003

Before MICHAEL and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Ricardo Gunn, Appellant Pro Se. Frank DeArmon Whitney, United
States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ricardo Gunn appeals the district court's order dismissing his 28 U.S.C. § 2255 (2000) motion as successive, noting that Gunn had not sought the requisite authorization from this Court to file such a motion. We construe Gunn's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. *See United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. § 2255 ¶ 8. Gunn's claims do not satisfy either of these conditions. Therefore, we decline to authorize Gunn to file a successive § 2255 motion.

Gunn has also requested a certificate of appealability. Because the district court lacked jurisdiction to consider Gunn's § 2255 motion, however, the issue of entitlement to a certificate of appealability is not properly before this court. Accordingly, we deny Gunn's request for a certificate of appealability as unnecessary.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*